**HCDistrictclerk.com**    DISCOUNT TRUCK PARTS & TIRES LLC vs.    10/3/2019
METROPOLITAN PROPERTY & CASUALTY
INSURANCE CO
Cause: 201958952    CDI: 7    Court: 295

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 9/27/2019 | ANSWER ORIGINAL PETITION | | | 0 | | CONDER, DENNIS D. | METROPOLITAN PROPERTY & CASUALTY INSURANCE CO |
| 8/22/2019 | ORIGINAL PETITION | | | 0 | | GIBSON, ETHAN GRAHAM | DISCOUNT TRUCK PARTS & TIRES LLC |



8/22/2019 7:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36211161
By: Shaniece Richardson
Filed: 8/22/2019 7:16 PM

# 2019-58952 / Court: 295

CAUSE NO. _____

| | | |
|---|---|---|
| DISCOUNT TRUCK PARTS & TIRES, LLC | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNY, TEXAS |
| METROPOLITAN PROPERTY & CASUALTY INSURANCE CO., | § § § | |
| Defendant. | § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

DISCOUNT TRUCK PARTS & TIRES, LLC files this action against its insurer, METROPOLITAN PROPERTY & CASUALTY INSURANCE CO. for failing to make payments required by an insurance policy for covered losses caused by Hurricane Harvey.

### DISCOVERY LEVEL

1. Plaintiff intends to conduct discovery under Level 2 of Rule 190.3.

### RULE 47(C) CERTIFICATION

2. Plaintiff seeks only monetary relief of less than $100,000, including damages of any kind, penalties, costs, expenses, interest, and attorney's fees.

### REQUEST FOR DISCLOSURES

3. Plaintiff requests that Defendant disclose, within 50 calendar days of service, the information or material described in Tex. R. Civ. Proc. 194.2(a)-(l).

### PARTIES

4. Plaintiff Discount Truck Parts & Tires, LLC is a limited liability company registered under the laws of the State of Texas with its principal place of business located in Harris County, Texas. Both of Discount Truck Parts & Tires, LLC's members, Amyn and Ahmed Narsi, are domiciled in and citizens of Texas.

5.      Defendant Metropolitan Property & Casualty Insurance Co. appears to be a corporation registered under the laws of the State of Delaware and may be served through its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

JURISDICTION AND VENUE

6.      This Court has jurisdiction because the amount in controversy is within the jurisdictional limits of this Court.

7.      Venue is proper in Harris County, Texas because the damage to the Property occurred in this district, the demand for payment under the Policy was made from this district, and payment was due to the Insured in this district. Therefore, a substantial part of the events or omissions giving rise to the claim occurred in this district.

BREACH OF CONTRACT

8.      On or about June 9, 2017, Discount Truck Parts & Tires, LLC (the "Insured") obtained an insurance policy (the "Policy") from Metropolitan Property and Casualty Insurance Company (the "Insurer") covering the Insured's property at 10901 Wallisville Road, Houston, Texas 77013 (the "Property").

9.      On or about August 25, 2017, during Hurricane Harvey, the Property sustained tens of thousands of dollars of damage or loss covered by the Policy. The causation assessment of Becker Engineering, which shows that the damage or loss was the result of an event classified as a covered loss under the Policy, is attached as Exhibit A.

10.     The Insured submitted a claim to the Insurer for the damage or loss sustained during Hurricane Harvey on or before September 27, 2017. The Insured satisfied all obligations and conditions precedent under the Policy, including submitting the applicable proof of loss, permitting inspections of the Property, and providing the documentation supporting the claim. The assessment of Poynor Group reflecting tens of thousands of dollars in damage or loss to the Property is attached as Exhibit B.

11.     The Insurer wrongly denied the Insured's claim under the Policy. The Insurer now refuses to pay the full amount due under the Policy to the Insured. By failing to make the required payments, the Insurer has breached the terms of the Policy, proximately causing the Insured to suffer damage.

12.     The Insured seeks a monetary judgment for the full amount due under the Policy plus reasonable and necessary attorney's fees, pre- and post-judgment interest, and any statutory damages permitted by applicable law.

RESERVATION OF RIGHTS

13.     Based on the potentially frivolous bases for denial of coverage provided by the Insurer, the Insurer's denial of coverage may have been in bad faith, involved negligent or knowing misrepresentations, violated the Insurer's common law duties, and violated statutory requirements of the Texas Insurance Code. Discovery is needed to ascertain whether and the extent to which the Insurer is liable for extracontractual claims.

14.     The Insured reserves all rights to amend to include extracontractual claims that will "relate back" to this filing if supported by the facts revealed in discovery.

PRAYER

15.     Plaintiff demands this case be tried to a jury on all issues so triable. Plaintiff requests the Court enter judgment that Defendant is liable to Plaintiff for breach of contract and that Plaintiff is entitled to recover all actual damages, attorney's fees, costs of court, pre- and post-judgment interest, and any other damages recoverable by Texas law.

Respectfully submitted,

Ethan G. Gibson
Texas State Bar No. 24073131
egibson@fulkersonlotz.com
FULKERSON LOTZ LLP
4511 Yoakum Blvd., Suite 200
Houston, Texas 77006
Telephone: 713.654.5834
Facsimile: 713.654.5801

ATTORNEY-IN-CHARGE FOR PLAINTIFF

Nick Brown
Texas State Bar No. 24092182
nbrown@fulkersonlotz.com
FULKERSON LOTZ LLP
4511 Yoakum Blvd., Suite 200
Houston, Texas 77006
Telephone: 713.654.5845
Facsimile: 713.654.5801

OF COUNSEL FOR PLAINTIFF

9/27/2019 8:29 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37178911
By: Kenya Kossie
Filed: 9/27/2019 8:29 AM

## CAUSE NO. 2019-58952

| | | |
|---|---|---|
| DISCOUNT TRUCK PARTS & TIRES, LLC, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| METROPOLITAN PROPERTY & | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| | § | |
| Defendant | § | 295TH JUDICIAL DISTRICT |

### DEFENDANT METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Property and Casualty Insurance Company, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

1.1     Pursuant Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II. AFFIRMATIVE DEFENSES

2.1     Pleading in the affirmative, Defendant alleges all of the terms and provisions of the policy of insurance issued to the Plaintiff by Metropolitan, including but not limited to the following policy provisions:

### BUSINESS OWNERS COVERAGE FORM

***

### SECTION I - PROPERTY

**A.**     **Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1.**     **Covered Property**

Covered Property includes Buildings as described under Paragraph **a.** below, Business Personal Property as described under Paragraph **b.** below, or both, depending on whether a Limit of Insurance is shown in the Declarations for that type of property. Regardless of whether coverage is shown in the Declarations for Buildings, Business Personal Property, or both, there is no coverage for property described under Paragraph **2.** Property Not Covered.

**a.**     Buildings, meaning the buildings and structures at the premises described in the Declarations, including:

**(1)**     Completed additions;

**(2)**     Fixtures, including outdoor fixtures;

**(3)**     Permanently installed:

**(a)**     Machinery; and

**(b)**     Equipment;

**(4)**     Your personal property in apartments, rooms or common areas furnished by you as landlord;

**(5)**     Personal property owned by you that is used to maintain or service the buildings or structures or the premises, including:

**(a)**     Fire extinguishing equipment;

**(b)**     Outdoor furniture;

**(c)**     Floor coverings; and

**(d)**     Appliances used for refrigerating, ventilating, cooking, dishwashing or laundering;

**(6)**     If not covered by other insurance:

**(a)**     Additions under construction, alterations     and repairs to the buildings or structures;

**(b)**      Materials, equipment, supplies and temporary structures, on or within 100 feet of the described premises, used for

---

making additions, alterations or repairs to the buildings or structures.

**b.**    Business Personal Property located in or on the buildings or structures at the described premises or in the open (or in a vehicle) within 100 feet of the buildings or structures or within 100 feet of the premises described in the Declarations, whichever distance is greater, including:

    **(1)**    Property you own that is used in your business;

    **(2)**    Property of others that is in your care, custody or control, except as otherwise provided in Loss Payment Property Loss Condition Paragraph **E.5.d.(3)(b)**;

    **(3)**    Tenant's improvements and betterments.    Improvements and betterments are fixtures, alterations, installations or additions:

        **(a)**    Made a part of the building or structure you occupy but do not own; and

        **(b)**    You acquired or made at your expense but cannot legally remove;

    **(4)**    Leased personal property which you have a contractual responsibility to insure, unless otherwise provided for under Paragraph **1.b.(2)**; and

    **(5)**    Exterior building glass, if you are a tenant and no Limit Of Insurance is shown in the Declarations for Building property. The glass must be owned by you or in your care, custody or control.

**2.**    **Property Not Covered**

Covered Property does not include:

                \*\*\*

**d.**    Land (including land on which the property is located), water, growing crops or lawns (other than lawns which are part of a vegetated roof);

**e.**    Outdoor fences, radio or television antennas (including satellite dishes) and their lead-in wiring, masts or towers, signs (other than signs attached to buildings), trees, shrubs or plants (other than trees, shrubs or plants which are part of a vegetated roof), all except as provided in the:

    **(1)**    Outdoor Property Coverage Extension;

    or

(2)      Outdoor Signs Optional Coverage;

\*\*\*

**3.      Covered Causes Of Loss**

Direct physical loss unless the loss is excluded or limited under Section I - Property.

**4.      Limitations**

a.      We will not pay for loss of or damage to:

\*\*\*

(5)      The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

(a)      The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

(b)      The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

\*\*\*

**f.      Business Income**

(1)      Business Income

(a)      We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of such premises.

With respect to the requirements set forth in the preceding paragraph, if you occupy only part of a building, your premises mean:

**(i)**   The portion of the building which you rent, lease or occupy;

**(ii)**   The area within 100 feet of the building or within 100 feet of the premises described in the Declarations, whichever distance is greater (with respect to loss of or damage to personal property in the open or personal property in a vehicle); and

**(iii)**   Any area within the building or at the described premises, if that area services, or is used to gain access to, the portion of the building which you rent, lease or occupy.

**(b)**   We will only pay for loss of Business Income that you sustain during the "period of restoration" and that occurs within 12 consecutive months after the date of direct physical loss or damage. We will only pay for ordinary payroll expenses for 60 days following the date of direct physical loss or damage, unless a greater number of days is shown in the Declarations.

**(c)**   Business Income means the:

**(i)**   Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no physical loss or damage had occurred, but not including any Net Income that would likely have been earned as a result of an increase in the volume of business     due to favorable business conditions caused by the impact of the Covered Cause of Loss on customers or on other businesses; and

**(ii)**   Continuing normal operating expenses incurred, including payout.

**(d)**   Ordinary payroll expenses:

**(i)**   Means payroll expenses for all your employees except:

**i.**   Officers;

**ii.**   Executives;

**iii.**   Department Managers;

**iv.**   Employees under contract; and

        **v.**    Additional Exemptions shown in the Declarations as:

- Job Classifications; or
- Employees

**(ii)**    Include:

    **i.**    Payroll;

    **ii.**    Employee benefits, if directly related to payroll;

    **iii.**    FICA payments you pay;

    **iv.**    Union dues you pay; and

    **v.**    Workers' compensation premiums.

**(2)**    **Extended Business Income**

**(a)**    If the necessary suspension of your "operations" produces a Business Income loss payable under this policy, we will pay for the actual loss of Business Income you incur during the period that:

    **(i)**    Begins on the date property except finished stock is actually repaired, rebuilt or replaced and "operations" are resumed; and

    **(ii)**    Ends on the earlier of:

        **i.**    The date you could restore your "operations" with reasonable speed," to the level which would generate the Business Income amount that would have existed if no direct physical loss or damage had occurred; or

        **ii.**    60 consecutive days after the date determined in Paragraph **(a)(i)** above, unless a greater number of consecutive days is shown in the Declarations.

However, Extended Business Income does not apply to loss of Business Income incurred as a result of unfavorable business conditions caused by the impact of the Covered Cause of Loss in the area where the described premises are located.

---

**(b)** Loss of Business Income must be caused by direct physical loss or damage at the described premises caused by or resulting from any Covered Cause of Loss.

**(3)** With respect to the coverage provided in this Additional Coverage, suspension means:

**(a)** The partial slowdown or complete cessation of your business activities; or

**(b)** That a part or all of the described premises is rendered untenantable, if coverage for Business Income applies.

**(4)** This Additional Coverage is not subject to the Limits of Insurance of Section I - Property.

**g.** **Extra Expense**

**(1)** We will pay necessary Extra Expense you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of such premises.

With respect to the requirements set forth in the preceding paragraph, if you occupy only part of a building, your premises mean:

**(a)** The portion of the building which you rent, lease or occupy;

**(b)** The area within 100 feet of the building or within 100 feet of the premises described in the Declarations, whichever distance is greater (with respect to loss of or damage to personal property in the open or personal property in a vehicle); and

**(c)** Any area within the building or at the described premises, if that area services, or is used to gain access to, the portion of the building which you rent, lease or occupy.

**(2)** Extra Expense means expense incurred:

**(a)** To avoid or minimize the suspension of business and to continue "operations".

         **(i)**     At the described premises; or

         **(ii)**    At replacement premises or at temporary locations, including relocation expenses, and costs to equip and operate the replacement or temporary locations.

   **(b)**    To minimize the suspension of business if you cannot continue

   **(c)**    To:

         **(i)**     Repair or replace any property; or

         **(ii)**    Research, replace or restore the lost information on damaged "valuable papers and records";

         to the extent it reduces the amount of loss that otherwise would have been payable under this Additional Coverage or Additional Coverage **f.** Business Income.

**(3)**    With respect to the coverage provided in this Additional Coverage, suspension means:

   **(a)**    The partial slowdown or complete cessation of your business activities; or

   **(b)**    That a part or all of the described premises is rendered untenantable, if coverage    for Business Income applies.

**(4)**    We will only pay for Extra Expense that occurs within 12 consecutive months after the date of direct physical loss or damage. This Additional Coverage is not subject to the Limits of Insurance of Section I - Property.

***

**B.**    **Exclusions**

1.    We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

   **a.**    **Ordinance Or Law**

      **(1)**    The enforcement of or compliance with any ordinance or law:

        (a)     Regulating the construction, use or repair of any property; or

        (b)     Requiring the tearing down of any property, including the cost of removing its debris.

**(2)**     This exclusion, Ordinance Or Law, applies whether the loss results from:

        (a)     An ordinance or law that is enforced even if the property has not been damaged; or

        (b)     The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property or removal of its debris, following a physical loss to that property.

***

**g.**    **Water**

    **(1)**    Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);

***

**i.**    **Collapse**

    **(1)**    Collapse, including any of the following conditions of property or any part of the property:

        (a)     An abrupt falling down or caving in;

        (b)     Loss of structural integrity, including separation of parts of the property or property in danger of falling down or caving in; or

        (c)     Any cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion as such condition relates to Paragraph i.(1)(a) or i.(1)(b).

But if collapse results in a Covered Cause of Loss at the described premises, we will pay for the loss or damage caused by that Covered Cause of Loss.

    **(2)**    This Exclusion i. does not apply:

     **(a)**     To the extent that coverage is provided underthe Additional Coverage- Collapse; or

     **(b)**     To collapse caused by one or more of the following:

          **(i)**     The "specified causes of loss";

          **(ii)**     Breakage of building glass;

          **(iv)**     Weight of rain that collects on a roof; or

          **(iv)**     Weight of people or personal property.

          \*\*\*

**k.**     **Neglect**

Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

**l.**     **Other Types Of Loss**

     **(1)**     Wear and tear;

     **(2)**     Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

          \*\*\*

But if an excluded cause of loss that is listed in Paragraphs **(1)** through **(7)** above results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

          \*\*\*

**p.**     **Continuous Or Repeated Seepage Or Leakage Of Water**

Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

**3.**     We will not pay for loss or damage caused by or resulting from any of the following Paragraphs **a.** through **c.** But if an excluded cause of loss that is listed in Paragraphs **a.** through **c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

     **a.**     **Weather Conditions**

Weather conditions. But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph **B.1.** above to produce the loss or damage.

\*\*\*

    **c.**    **Negligent Work**

Faulty, inadequate or defective:

    **(1)**    Planning, zoning, development, surveying, siting;

    **(2)**    Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

    **(3)**    Materials used in repair, construction, renovation or remodeling; or

    **(4)**    Maintenance;

of part or all of any property on or off the described premises.

\*\*\*

**D.**    **Deductibles**

    **1.**    We will not pay for loss or damage in any one occurrence until the amount of loss or damage exceeds    the Deductible shown in the Declarations. We will then pay the amount of loss or damage in excess of the Deductible up to the applicable Limit of Insurance of Section I - Property.

    2.2    Pleading further, Defendant would also assert that Plaintiff has failed to comply with the terms and conditions of the insurance policy issued by Metropolitan Property and Casualty Insurance Company to the Plaintiff. Specifically, the subject insurance policy provides as follows:

**E.**    **Property Loss Conditions**

\*\*\*

    **2.**    **Appraisal**

    a.    If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an

---

**DEFENDANT METROPOLITAN PROPERTY AND CASUALTY
INSURANCE COMPANY'S ORIGINAL ANSWER - PAGE 11**

umpire. If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding as to the amount of loss. Each party will:

(1)    Pay its chosen appraiser; and

(2)    Bear the other expenses of the appraisal and umpire equally.

b.    If there is an appraisal:

(1)    You will retain your right to bring a legal action against us, subject to the provisions of Paragraph **E.4.** Legal Action Against Us Property Loss Condition; and

(2)    We will still retain our right to deny the claim.

3.    **Duties In The Event Of Loss Or Damage**

a.    You must see that the following are done in the event of loss or damage to Covered Property:

(1)    Notify the police if a law may have been broken.

(2)    Give us prompt notice of the loss or damage. Include a description of the property involved. However, with respect to loss or damage in the state of Texas caused by windstorm or hail in the catastrophe area as defined by the Texas Insurance Code, any claim must be filed with us not later than one year after the date of the loss or damage that is the subject of the claim, except that a claim may be filed after the first anniversary of the date of the loss or damage for good cause shown by the person filing the claim.

(3)    As soon as possible, give us a description of how, when and where the loss or damage occurred.

(4)    Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limits of Insurance of Section I - Property. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

(5)     At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

(6)     As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

    Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(7)     Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 91 days after our request. We will supply you with the necessary forms.

(8)     Cooperate with us in the investigation or settlement of the claim.

(9)     Resume all or part of your "operations" as quickly as possible.

**b.**     We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

**4.     Legal Action Against Us**

**a.**     Except as provided in Paragraph **b.**, no one may bring a legal action against us under this insurance unless:

(1)     There has been full compliance with all of the terms of this insurance; and

(2)     The action is brought within two years and one day from the date the cause of action first accrues. A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.

**b.**     With respect to loss or damage in the state of Texas caused by windstorm or hail in the catastrophe area as defined by the Texas Insurance Code, no one may bring a legal action against us under this insurance, unless:

(1)     There has been full compliance with all of the terms of this insurance; and

(2)     The action is brought within the earlier of the following:

     **(a)**    Two years and one day from the date we accept or reject the claim; or

     **(b)**    Three years and one day from the date of the loss or damage that is the subject of the claim.

This Paragraph **4.** does not apply to Paragraph **E.3. Legal Action Against Us** Liability And Medical Expenses General Condition in **Section II - Liability.**

2.2    Pleading further, Plaintiff failed to promptly repair the subject property and based upon information and belief, has not performed necessary repairs to the property.

2.3    Defendant asserts as an affirmative defense that it is incumbent on Plaintiff to segregate its covered damages, if any, due to any wind/hurricane that allegedly occurred on or about August 26, 2017 from any other pre-existing and/or wind/hurricane related damages.

2.4    As an additional affirmative defense, Defendant asserts that Plaintiff's damages at issue in this lawsuit, if any, are due to intervening, superseding causes wholly unrelated to Defendant and over which Defendant has and exercised no control.

2.5    Defendant affirmatively pleads that the damages sought by this lawsuit against it were, in whole or in part, caused by the neglect and/or intent and/or omissions of Plaintiff and/or third person(s) over whom Defendant did not control, had no right of control, and/or no duty over which to exercise control. Plaintiff's and/or these third person(s)' acts and/or omissions were the sole proximate cause, sole producing cause, proximate cause, or a cause of the injuries and damages alleged by Plaintiff and cannot be attributed to Defendant.

2.6    For further affirmative defense, Defendant asserts comparative fault.

2.7    For further affirmative defense, Defendant asserts contributory negligence and proportionate responsibility as a bar to Plaintiff's claims.

2.8    By way of additional affirmative defense, Defendant asserts that Plaintiff's damages, if any, were caused by a new and independent cause or causes not reasonably

foreseeable by Defendant. This new and independent cause(s) was the immediate and efficient cause of injury, if any, to Plaintiff. The acts or omissions alleged by Plaintiff against Defendant were remote and were not the proximate or producing cause of any of any of Plaintiff's alleged damages.

2.9     Defendant affirmatively pleads the fortuity doctrine as a bar to recovery. Plaintiff cannot recover against Defendant for any pre-existing damages and/or damages that were already losses-in-progress.

2.10    By way of additional affirmative defense, Defendant asserts that Plaintiff is barred from recovery under the doctrine of concurrent causation.

2.11    As an additional defense, Defendant asserts the doctrine of excessive demand. In addition and without waiving the foregoing, Plaintiff's right, if any, to an award of attorney's fees is governed by application of TEX. INS. CODE § 542A.007.

### III. JURY DEMAND

3.1     Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY | CONDER | ALLEN LLP

By:    Dennis D. Conder
        State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of September, 2019, a copy of the foregoing was delivered to Plaintiff's counsel of record pursuant to the Texas Rules of Civil Procedure.

Dennis D. Conder

PAN/PLDG/631842.1/001466.19218